IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LATOYA YVONNE JENKINS,                    )
                                          )
                Plaintiff,                )
                                          )
v.                                        )          Case No. 16-2703-JWL
                                          )
CITY OF OLATHE, KANSAS, et al.,           )
                                          )
                Defendants.               )

## ORDER

This case comes before the court on separate motions of defendant City of Olathe,
Kansas (ECF No. 9) and defendant Johnson County, Kansas (ECF No. 11) to stay all further
proceedings pending a ruling on defendants' anticipated motions to dismiss and/or motions
for judgment on the pleadings.  Plaintiff does not oppose the requested stay.

The court may stay discovery if: (1) the case is likely to be finally concluded via a
dispositive motion; (2) the facts sought through discovery would not affect the resolution of
the dispositive motion; or (3) discovery on all issues posed by the complaint would be
wasteful and burdensome.[1]  The decision whether to stay discovery rests in the sound
discretion of court.[2]  As a practical matter, this calls for a case-by-case determination.[3]

---

[1] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

[2] *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

[3] *See Citizens for Objective Public Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013).

Upon review of the instant motions and the answers filed, the court concurs that a stay of all pretrial proceedings—including discovery, the planning meeting conference, initial disclosures, and the scheduling of deadlines—is warranted until the court rules the anticipated dispositive motions. The City of Olathe states that its upcoming motion to dismiss will advance arguments consistent with the affirmative defenses set forth in its answer: that plaintiff failed to state a claim on which relief may be granted and that plaintiff's federal claims are barred by the applicable statute of limitations. If granted, the motion to dismiss would dispose of the case. Johnson County similarly states that its anticipated motion to dismiss or for judgment on the pleadings, if granted, will dispose of all plaintiff's claims against it. No party suggests that resolution of dispositive motions is dependent on information that would be gained though discovery. Accordingly, discovery at this point is unnecessary and potentially wasteful.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

1.      The motions to stay pretrial proceedings are granted. All pretrial proceedings in this case, including discovery, the planning meeting conference, initial disclosures, and the scheduling of deadlines are stayed until further order of the court.

2.      The scheduling conference set for February 16, 2017, is cancelled, and the deadline for the parties to submit a report of planning conference pursuant to Fed. R. Civ. P. 26(f) is vacated.

3.      Defendants' motions to dismiss and/or for judgment on the pleadings must be

filed by February 3, 2017; responses are due February 24, 2017; and replies are due March 10, 2017.  If the dispositive motions are ultimately denied in whole or in part, then counsel shall confer and submit a Rule 26(f) planning report to the undersigned's chambers within 14 days of both motions having been decided.

Dated January 18, 2017, at Kansas City, Kansas.


 s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge